## ALBERT H. ALEXANDER *v.* MATTHEW C. CARD.

Where a complaint and warrant charged that the defendant " was indecently
   drunk contrary to the provisions of the act passed by the Legislature at its
   June session 1854 :" *Held,* that he was sufficiently charged with the offence
   defined in said act by the words " intoxicated under such circumstances as
   amount to a violation of decency."

Where Justices of the Peace substantially comply with the forms of law, they
   ought not to be held liable in damages for acts done in the performance of
   their official duties.

THIS case was submitted to the Court upon both the
facts and the law.

*Dixon* for plaintiff.

*W. Updike* for defendant.

BOSWORTH J.—This is an action of trespass brought
by Albert H. Alexander against Matthew C. Card, for an
alleged assault and false imprisonment. The facts are
admitted, and the case depends upon the legality of the
proceedings of the defendant, who was a magistrate in
the town of Richmond, and issued a warrant against the
defendant on the complaint of William W. Kenyon,
charging that at Richmond, in the county of Washington,

on the 30th day of October, 1854, one Albert H. Alexander (the plaintiff in this suit) was indecently drunk, contrary to the provisions of the act passed by the Legislature at its June session A. D. 1854, in addition to the act for the more effectual suppression of drinking houses and tippling shops. Upon this complaint the magistrate (who is defendant in this suit) issued his warrant, on which the plaintiff in this suit was arrested, and brought before the magistrate for trial. Upon the trial he pleaded guilty, and was sentenced to twenty days' imprisonment and to pay all costs of prosecution and commitment. Upon a mittimus he was committed to jail, and afterwards discharged by the General Assembly.

The plaintiff in this case relies upon the insufficiency of the charge in the complaint to constitute an offence which the magistrate had jurisdiction to try. By the act of the General Assembly passed June, A. D. 1854, " the being intoxicated under such circumstances as amount to a violation of decency," is made an offence, for which the offender may be proceeded against in the manner in which proceedings were had in this case.

The charge in the complaint in this case was, we think, sufficiently definite, and contained such a description of the crime, that without intending anything but what appears, the defendant might know what he was to answer, and what was intended to be proved. This is the certainty which the law requires in such cases. Though the charge is not in the language of the statute to which it refers, and was a violation of, yet we think it substantially charges the crime against which the statute is enacted. The charge of " being indecently drunk contrary to the provisions of a statute," and the charge of " being intoxicated under such circumstances as amount to a vio-

Albert H. Alexander *v.* Matthew C. Card.

lation of decency," are so similar in their import, that we think the words in their natural sense would convey to the common mind in each case, substantially the same impression.

The charge seems to have conveyed to the plaintiff an idea of some criminal conduct which might rightly be alleged against him ; for he pleaded guilty, and was convicted on his own confession.

The statute under which the magistrate proceeded, makes provision for amendment of the complaint on the trial, either in a matter of form or substance, and if any objection had been taken to the complaint or warrant, it might have been in the power of the Court, on motion, to have amended the proceedings.

We do not think that a justice of the peace ought to be held to an unreasonable strictness in the forms of proceeding : and where, as in this case, the forms of law are substantially complied with, though the precision proper to be observed in indictments for criminal offences, may be wanting in complaints brought before them, we think they ought not to be held liable in damages for acts done in the performance of their official duties.

*Judgment for defendant.*